```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
     DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| **EDDY CALISSE CHERYS,**<br>　　　　Petitioner,<br><br>　　v.<br><br>**UNITED STATES OF AMERICA,**<br>　　　　Respondent. | ) D.C. CV. NO. 2001/0213<br>)<br>) Ref: CR. No. 1998/0001-02<br>)<br>)<br>)<br>)<br>) |

Copies to:
　　Geoffrey W. Barnard, Magistrate Judge
　　Nelson L. Jones, AUSA
　　Eddy C. Cherys, Reg. No. 04353-094, F.C.I. Allenwood Low,
P.O. Box 1000, White Deer, PA 17887 (PLEASE MARK: LEGAL MAIL:
OPEN IN PRESENCE OF INMATE ONLY)
　　Law Clerk-TLB
　　C. Francis
　　O. Schneider

## MEMORANDUM OPINION AND ORDER

GÓMEZ, C.J.

　　Petitioner Eddy Calisse Cherys ("Cherys") is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Government did not respond to the instant petition, despite the Court's orders to do so.

### I.　FACTS AND PROCEDURAL HISTORY

　　Insofar as this opinion is written solely for the parties, only those facts relevant to this discussion will be recited. After a trial by jury in 1998, Cherys was found guilty of conspiracy to possess cocaine with intent to distribute, in

violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II) (Count III). On May 24, 2000, the Honorable Thomas K. Moore sentenced Cherys to 188 months incarceration based upon the full quantity of cocaine seized which allegedly totaled 312.6 kilograms.[1] Cherys appealed.[2] While that appeal was pending, in November 2001, Cherys filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

On February 16, 2001, the Court of Appeals for the Third Circuit ("Court of Appeals") found that the evidence at trial was not sufficient to sustain Cherys' conviction for possession of

---

[1] Cherys' total offense level was 38, carrying a range of 235-293 months. His sentence departed from a level 38 by 2 points, thereby taking his offense level to a 36, with a range of 188-235 months because the offense overstated Cherys' culpability in the criminal activity.

[2] On appeal, Cherys raised the following issues: (1) whether the evidence was insufficient to support the jury's verdict; (2) whether the trial court erred when it denied Eddy Cherys' First Motion to Suppress; (3) whether the trial court erred when it denied the Motion to Sever; (4) whether the trial court erred when it allowed evidence regarding the alleged letter from Rodolfo Crisostomo (Government's Exhibit #13), admitted into evidence and precluded Cherys' witness from testifying as to the owner of the vessel; (5) whether the trial court erred when it allowed the admission of the boat keys; (6) whether the trial court erred when it allowed evidence regarding motor oil allegedly seized from Cherys' vehicle; (7) whether the trial court erred when it allowed evidence regarding the cellular telephone, beeper and money seized from Cherys; (8) whether, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) the trial court erred when it allowed evidence regarding the drug analysis and quantity based on the breaks in the chain of custody; (9) whether the trial court erred when it denied Cherys' Motions for Judgment of Acquittal; (10) whether, in light of *Apprendi*, the trial court erred in attributing to Cherys all of the drugs seized in relation to the case; (11) whether there was improper summation by the Government; and (12) whether there was improper summation by counsel for co-defendant Lizardo.

cocaine (Count III), and affirmed his conviction in part and reversed it in part. *United States v. Cherys*, No. 00-3404, slip. op. at 14-16, 250 F.3d 736 (3d Cir.) (Table), *cert. denied*, 534 U.S. 897 (2001).

Then, in response to an inquiry made by this Court about the inconsistency between the opinion and judgment,[3] the Court of Appeals entered an Order stating:

> It having come to the court's attention that the judgment entered February 16, 2001 failed to properly reflect the disposition of the appellant's conviction on the cocaine possession count, it is hereby ORDERED that the February 16, 2001 judgment, be and the same, is hereby vacated and a corrected judgment will be entered; and
>
> It is further ORDERED that the certified judgment in lieu of mandate issued April 24, 2001 is recalled and a new certified judgment in lieu of formal mandate will be issued on this date.

(Court of Appeals, No. 00-3404, Ord. of Dec. 13, 2002.) In the Amended Judgment of even date, the Court of Appeals clarified that the May 24, 2000 judgment of this District Court was "reversed insofar as the conviction on the cocaine possession and affirmed in all other respects." (*Id.*, Amended Judgment at 1-2.)

On March 10, 2004, in response to the Court of Appeals' December 13, 2002 amended judgment, Judge Moore entered an amended

---

[3] The February 16, 2001 judgment erroneously stated that Cherys' conviction was affirmed. The Court of Appeals subsequently issued an amended judgment to accurately reflect the holding in its opinion, which was that Cherys' conviction was affirmed in part and denied in part.

judgment reflecting the Court of Appeals' mandate.

In the instant § 2255 motion, Cherys now argues that he was denied effective assistance of counsel. He specifically argues that his trial counsel: (1) failed to provide him with a psychiatrist or psychologist to determine whether he was competent to stand trial; (2) denied him the opportunity to call witnesses material to whether he knew anything about the conspiracy to sell drugs; and (3) failed to argue that the drug amounts in the indictment were substantially less than the drugs amounts used to determine his sentence. In an October 25, 2004 motion to amend or clarify his § 2255 motion, Cherys also argued that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), because he was sentenced based on a quantity of cocaine not proven or found by a jury.

## II. DISCUSSION

The court has reviewed Cherys' motion, as well as the record, and concludes that an evidentiary hearing is not required. *See* 28 U.S.C. § 2255. To prevail in a § 2255 motion alleging constitutional error, a petitioner must establish an error of constitutional magnitude which had a "substantial and injurious effect or influence" on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *see also Petersen v. United States*, No.

CV. 1998-066, 2003 WL 22836477, at *2 (D.V.I. Nov. 24, 2003). Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 184-85 (1979).

Claims of ineffective assistance of counsel must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id.* at 690. The Court must review a petitioner's claim under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 688. Second, the petitioner must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. *Id.* at 694-95. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052.

## III. ANALYSIS

### A. Counsel did not err in failing to request a psychiatric report.

The crux of Cherys' argument is that he was mentally incompetent to stand trial, and his counsel failed to request a psychiatric report. Cherys submits medical evaluation reports from the mental health clinic at the Metropolitan Detention Center in Guaynabo, Puerto Rico during the period from October 1998 through June 2000. In the first episode, which occurred three (3) days before his jury trial was to commence, Cherys complained of "delusional thinking of a religious and persecutory type," and he was diagnosed as experiencing "brief psychotic" disorder, and schizoaffective disorder, bipolar type (Axis I). (Chronological Record of Medical Care dated Oct. 2, 1998.) This diagnosis continued through 2000. Cherys alleges that his trial counsel was informed telephonically, by a Bureau of Prisons correctional counselor, that he had experienced a psychotic episode. (§ 2255 Mot. at 5.)

In determining the mental competency to stand trial, the U.S. Code provides:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to

>  the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). A defendant is competent to stand trial, if "he has sufficient present ability to consult with his lawyer with a reasonable degree of understanding [and if] he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam).

In reviewing this claim, the Court first notes that Cherys did not raise this issue on direct appeal. Nonetheless, a habeas petitioner may assert a procedural due process claim by alleging that his constitutional rights were violated by the trial court's failure to ensure that he was competent to stand trial. *Pate v. Robinson*, 383 U.S. 375, 386 (1966).

When asked about his mental and emotional health during the preparation of the presentence and probation report, Cherys responded to the probation officer that he was "currently taking the medication [Risperdal Deprocal] for depression that he has been experiencing since his conviction on the instant offense. He related that the event of his conviction overwhelmed him emotionally. No other history of mental or emotional problems, and no history of treatment for such problems was reported." (Presentence Report at 7-8.) Cherys, perhaps realizing that the presentence report paints a different picture of his mental health,

argues that the probation officer had a duty to further investigate his mental capacity, but failed to do so.

In examining counsel's performance in this case, Cherys must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. Cherys' first mental episode occurred on Friday, October 2, 1998, a few days before trial which commenced on Monday, October 5, 1998. By his own statements to the probation officer preparing the presentence report, the episode was stress related. (*Id.*) He further states that on or about Saturday, October 3, 1998, a counselor at the institution informed his counsel by telephone that he had suffered a psychotic episode. The Court is unpersuaded by Cherys arguments that his counsel had sufficient knowledge of his alleged mental incompetence to order a pyschiatric report.

The Court cannot find that counsel erred in failing to request a psychiatric report. Due process simply requires that there be a "record-based judicial determination of competence in every case *in which there is reason to doubt* the defendant's competence to stand trial." *U.S. v. Haywood*, 155 F.3d 674, 680 (3d Cir. 1998) (emphasis added). There was no sufficient indication in the record that counsel was aware of, and had reasonable cause to doubt Cherys' mental competence to stand trial. Therefore, having failed on the first prong of Strickland, the Court need not proceed

to the second prong.

### B. Counsel was not ineffective in deciding not to call witnesses.

Cherys argues that his counsel's decision not to call witnesses material to the issue of whether he knew anything about a conspiracy to possess or sell drugs constitutes ineffective assistance. The Court does not agree.

Counsel's decision not to introduce testimony potentially in conflict with the central defense strategy is not unreasonable. *See, e.g., LaFrank v. Rowley*, 340 F.3d 685 (8th Cir. 2003) (holding counsel's alleged ineffectiveness for failure to call a witness was evaluated under *Strickland* and, because it was a "matter of trial strategy," found to be reasonable). Decisions regarding which witnesses to call are strategic in nature, and those decisions by counsel should be given appropriate deference on review. *See Philson v. Barbo*, 77 Fed. Appx. 123, 127 (3d Cir. 2003) (finding that counsel's decision not to call two witnesses because of a potential conflict in testimony was "trial strategy" to be afforded "appropriate deference" and did not constitute ineffective assistance of counsel under *Strickland*). Moreover, trial counsel are not required to call every witness suggested to them; their expertise leads them to choose only the witnesses likely to assist the case. *See, e.g, United States v. Balzano*, 916 F. 2d 1273, 1294

(7th Cir. 1990). The Court finds that Cherys has failed to show that counsel's conduct ran afoul of Strickland. The first prong of the *Strickland* analysis having not been met, the Court is not required to proceed to the second prong.

### C. Counsel objected to the quantity of drugs being used to determine Cherys' sentence, and did not render ineffective assistance.

Cherys alleges that his trial counsel did not argue that the drug amounts in the indictment were substantially less than the drug amounts used to determine his sentence. Cherys is incorrect. His trial counsel did indeed object to the quantity of drugs being attributed to him for sentencing.

On page 5, paragraph 6 of Cherys' objection to the presentence report, his counsel argued that

> the laboratory never weighed all of the substances. The evidence was that the laboratory weighed the sample and extrapolated out from that based on the weight indicated in the document. Accordingly, there is no factual conclusion to be drawn from the Government's case with respect to the net weight of the substances seized and this reference should be deleted.

The probation report countered that the information was "relevant to the application of the sentencing guidelines as it forms the facts supporting determination of the base offense level," and they are permitted under U.S. Sentencing Guideline ("USSG") 2D1.1 to use "any reasonable method to approximate the weight of the mixture or

*Cherys v. USA*
D.C. CV. NO. 2001-213
Mem. Opin. and Order
Page 11

substance to be counted." (Addendum to Presentence Report at 1.)

Additionally, on direct appeal, Cherys' counsel challenged this Court's attribution of 312.6 kilograms of cocaine to Cherys for purposes of sentencing. The Court of Appeals found that,

> [t]he evidence adduced at trial established that the weight of the drugs seized at Lerkenlund Beach totaled 312.6 grams, and linked Cherys to this cache of drugs. Cherys does not offer here and did not offer in the District Court any tenable argument to explain why he should be held responsible for less than the full quantity of drugs found at Lerkenlund Beach. Accordingly, we find that the District Court properly calculated the amount of cocaine attributable to Cherys.

(Opinion at 11.) This Court is mindful that given "the reality of the human fallibility of the participants, there can be no such thing as an error-free, perfect trial, and that the Constitution does not guarantee such a trial." *United States v. Hasting*, 461 U.S. 499, 508-09 (1983). The Court finds that Cherys has not shown, as required under the first prong of *Strickland*, that, considering the facts of this case, his counsel's challenged actions were unreasonable. Counsel rendered effective assistance in challenging the drug quantity attributable to Cherys. Again, having failed on the first prong, the Court is not bound to examine whether he was prejudiced by counsel's conduct.

   D.  **Cherys' Sentence does not violate *Blakely*.**

Cherys claims that his sentence violated the Supreme Court's holding in *Blakley*. In *Blakely*, the Court held that Washington

*Cherys v. USA*
D.C. CV. NO. 2001-213
Mem. Opin. and Order
Page 12

State's sentencing scheme violated the Sixth Amendment right to a jury trial, because judges were imposing sentences that were not based solely on facts reflected in the verdict of the jury or admitted by the defendant, and were using a preponderance of the evidence standard to find the facts necessary to that imposition. Prior to *Blakely* (and *United States v. Booker*, 543 U.S. 220 (2005)), *Apprendi* established that, at sentencing, a judge could enhance a sentence based on facts not admitted by the defendant or found by the jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

*Blakely* was decided on June 24, 2004, after Cherys' conviction became final. It is well-settled in this jurisdiction that *Blakely* has not been made retroactive to cases on collateral review. *See Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005); *In re: Olopade*, 403 F.3d 159, 160 n.1 (3d Cir. 2005). This Court, therefore, will not address Cherys' *Blakely* claims.

## IV. CONCLUSION

For the reasons set forth above, Cherys' motion under 28 U.S.C. § 2255 will be denied. An appropriate order follows.

**DATED:** May 5, 2008

E N T E R:

/s/
_____
**CURTIS V. GÓMEZ**
**CHIEF JUDGE**

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

**EDDY C. CHERYS,** ) D.C. CV. NO. 2001/0213
      Petitioner, )
) Ref: CR. No. 1998/0001-02
    v. )
)
**UNITED STATES OF AMERICA,** )
      Respondent. )
)

**Copies to:**
    Geoffrey W. Barnard, Magistrate Judge
    Nelson L. Jones, AUSA
    Eddy C. Cherys, Reg. No. 04353-094, F.C.I. Allenwood Low, P.O. Box 1000, White Deer, PA 17887 (PLEASE MARK: LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY)
    Law Clerk-TLB
    C. Francis
    O. Schneider

## ORDER

It is hereby

**ORDERED** that Cherys' motion under 28 U.S.C. § 2255 is **DENIED**; and further

**ORDERED** that a certificate of appealability will not be issued; and further

**ORDERED** that all other pending motions are **DENIED** as moot; and finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

**DONE AND SO ORDERED** this 5 day of May 2008.

E N T E R:

/s/
_____
CURTIS V. GÓMEZ
CHIEF JUDGE