IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **D.C. CV. NO. 2001-213** |
| Plaintiff/Respondent, | ) | |
| | ) | D.C. CR. NO. 1998-001-02 |
| v. | ) | |
| | ) | |
| **EDDY C. CHERYS**, | ) | |
| Defendant/Petitioner. | ) | |
| _____ | ) | |

**ATTORNEYS:**

**Nelson L. Jones, AUSA**
United States Attorney's Office
St. Thomas, VI
　　*For the United States of America*,

**Joseph DiRuzzo, Esq.**
　　*For Petitioner Eddy Cherys*.

## MEMORANDUM OPINION

**Gómez, C.J.**

Before the Court is Petitioner Eddy Cherys's ("Cherys") April 14, 2012 motion for reconsideration of this Court's February 9, 2012 Order (ECF No. 109) denying his motion to convert his motion pursuant to 28 U.S.C. § 2255 to a petition for writ of error *coram nobis*. (*See* ECF No. 115.) Cherys also seeks reconsideration of the Court's March 19, 2012 Order (ECF No. 112) dismissing his § 2255 motion as moot. (*See* ECF No. 115.)

### I.　　FACTS AND PROCEDURAL HISTORY

After a trial by jury in October 1998, Cherys was convicted of conspiracy to possess cocaine with intent to distribute, and possession of cocaine with intent to distribute. He was

*United States v. Cherys*
D.C. CV. NO. 2001-213
D.C. CR. NO. 1998-001-02
Memorandum Opinion
Page 2

sentenced to 188 months incarceration on each count, with all counts to run concurrently. Cherys appealed.

On direct appeal, the Court of Appeals for the Third Circuit (the "Third Circuit") reversed Cherys's conviction of cocaine possession and affirmed his conviction in all other respects. *United States v. Cherys,* No. 00-3404, slip. op. at 14-16, 250 F.3d 736 (3d Cir.) (table), *cert. denied,* 534 U.S. 897 (2001). Accordingly, an Amended Judgment was entered sentencing Cherys to, *inter alia*, a term of 188 months incarceration and supervised release for five (5) years. (*United States v. Cherys*, D.C. CV. NO. 1998-001-02, Amended Judgment of March 10, 2004.)

Thereafter, on or about November 6, 2001, Cherys moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("initial § 2255"). That initial § 2255 motion was denied without an evidentiary hearing. [1]

The Third Circuit granted a certificate of appealability on the issue of the appropriateness of denying an evidentiary hearing. The appeals Court: (1) found that Cherys had "raised at least a colorable claim for ineffective assistance of counsel arising from his trial attorney's failure to seek a competency hearing[;]" (2) found that there was "at least a colorable claim that trial counsel's failure to request a competency examination prejudiced Cherys[;]" (3) vacated the denial of his §

---

[1] In his initial § 2255 motion, Cherys argued that: (1) his trial counsel, Anna H. Paiewonsky, Esq. ("Paiewonsky" or "trial counsel"), provided ineffective assistance in deciding not to call witnesses material to the issue of whether he knew anything about a conspiracy to possess or sell drugs; (2) Paiewonsky failed to argue that the drug amounts in the indictment were substantially less than the drug amounts used to determine his sentence; and (3) his sentence violated the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004). These issues were previously decided in a May 5, 2008 Memorandum Opinion and Order. (*See* ECF No. 37.)

*United States v. Cherys*
D.C. CV. NO. 2001-213
D.C. CR. NO. 1998-001-02
Memorandum Opinion
Page 3

2255 motion; and (4) remanded the matter for an evidentiary hearing on his claim of ineffective assistance of counsel. *See Cherys v. United States*, 405 Fed. Appx. 589, 592 (3d Cir. 2011).

The evidentiary hearing on Cherys's § 2255 motion was held on December 14, 2011. At that hearing, the Court heard testimony from both Cherys and his trial counsel, Paiewonsky, relative to his ineffective assistance of counsel claim. Before the Court could rule on the pending § 2255 motion, Cherys was deported. Thereafter, the Court dissmissed Cherys's motion to vacate, set aside, or correct his sentence pursuant to § 2255 after finding it to be moot. Cherys again appealed. On April 4, 2012, the instant motion for reconsideration followed. Thereafter, the Third Circuit stayed Cherys's appeal pending this Court's consideration of the Motion for Reconsideration. (*Cherys v. United States*, 3d Cir. No. 12-1753, Order dated April 6, 2012.)

On September 5, 2012, the Court heard counsels' arguments relative to Cherys's motion for reconsideration of the February 9, 2012 Order denying his motion to convert his § 2255 motion to a petition for writ of error *coram nobis*, and the March 19, 2012 Order dismissing his § 2255 motion as moot. At the conclusion of the hearing, the Court found that there had been effective assistance by trial counsel and orally denied Cherys's petition for writ of error *coram nobis*. (*See* ECF No. 125, Hr'g Tr. at 49-52.) This memorandum opinion and accompanying order memorialize the Court's rulings.

*United States v. Cherys*
D.C. CV. NO. 2001-213
D.C. CR. NO. 1998-001-02
Memorandum Opinion
Page 4

## II.     DISCUSSION

### A.     Writ of Error Coram Nobis

The writ of error *coram nobis* is available to federal courts in criminal matters under the All Writs Act, 28 U.S.C. § 1651(a). *Coram nobis* is an extraordinary remedy that "has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (quoting *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam)). The writ is available to "persons not held in custody [to] attack a conviction for fundamental defects, such as ineffective assistance of counsel." *United States v. Rad-O-Lite of Philadelphia, Inc.*, 612 F.2d 740, 744 (3d Cir. 1979); *see also United States v. Golden*, 854 F.2d 31, 32-33 (3d Cir. 1988).

To establish a claim of ineffective assistance of counsel, Cherys must demonstrate both that his attorney's performance was deficient and that he was prejudiced by that deficiency. *Strickland*, 466 U.S. at 687. On this first *Strickland* prong, a petitioner must show that, considering the facts of the case, his counsel's performance fell below an objective standard of reasonableness. *Id.* at 686, 690. The Court must, therefore, review Cherys's claims under the "strong presumption" that counsel's conduct falls within the "wide range of reasonable professional assistance," that is, he must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id. at* 688.

On the second prong, Cherys must demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

*United States v. Cherys*
D.C. CV. NO. 2001-213
D.C. CR. NO. 1998-001-02
Memorandum Opinion
Page 5

different. *Id*. at 686, 694. A reasonable probability means a probability "sufficient to undermine confidence in the outcome." *Id*. at 694. In applying *Strickland*, "the court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." *Marshall v. Hendricks*, 307 F.3d 36, 90 (3d Cir. 2002).

### B. Reconsideration

On February 9, 2012, the Court denied Cherys's motion to convert his § 2255 motion to a petition for writ of error *coram nobis*. Subsequently, on March 19, 2012, the Court dismissed Cherys's § 2255 motion as moot. Cherys filed the instant motion for reconsideration on April 4, 2012 pursuant to Rule 7.3 of the Local Rules of Civil Procedure and Rule 59(e) of the Federal Rules of Civil Procedure.

A motion for reconsideration is governed by Rule 7.3 of the Local Rules of Civil Procedure which provides that:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. Thus, Cherys's motion for reconsideration pursuant to Rule 7.3, filed 55 days after the February 9th Order and 16 days after the March 19th Order, was untimely.

Cherys also seeks reconsideration pursuant to a Federal Rule of Civil Procedure 59(e)

*United States v. Cherys*
D.C. CV. NO. 2001-213
D.C. CR. NO. 1998-001-02
Memorandum Opinion
Page 6

which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The March 19th Order falls well within the 28-day period prescribed by Rule 59(e).

The record before the Court demonstrates that Cherys has suffered or is threatened with an actual injury traceable to this Court's decision that can be redressed by a favorable decision here. *See, e.g., Okereke v. United States*, 307 F.3d 117, 121 (3d Cir. 2002) (noting that "Okereke must demonstrate that he has suffered or is threatened with an actual injury traceable to the District Court's decision that can be redressed by a favorable decision here") (citation omitted). Thus, because Cherys has made this requisite showing, the issue of ineffective assistance of counsel raised in his § 2255 motion is not moot. That is, because Cherys's conviction provided the basis for his deportation, if successful in this petition for writ of error *coram nobis*, he can arguably receive the tangible benefit of reentry into the United States. Therefore, this Court erroneously determined in its March 19th Order that Cherys's § 2255 motion had been rendered moot by his deportation. *Cf. id. at* 119, 121 (holding that because Okereke provided no basis for overturning his conviction, the Court was left with his various arguments in favor of resentencing, but Okereke had served his prison term and been deported from the United States, rendering all remaining issues regarding sentencing moot").

Cherys's motion to reconsider the February 9th Order denying his motion to convert his § 2255 petition to a writ of error *coram nobis* is untimely pursuant to Rule 59(e). However, a court should generally construe an untimely motion to alter, amend, or reconsider under Rule 59(e) as a

*United States v. Cherys*
D.C. CV. NO. 2001-213
D.C. CR. NO. 1998-001-02
Memorandum Opinion
Page 7

motion for relief under Rule 60(b).  *See Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000).   Rule 60(b) which provides for relief from a judgment or order, states in relevant part that:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move far a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Rule 60 motions may be made within a year after the entry of judgment.  Fed. R. Civ. P. 60(c). Therefore, the Court can construe Cherys's April 4 motion for reconsideration of the February 9th Order as a timely motion for relief from judgment due to mistake, pursuant to Fed. R. Civ. P. 60(b)(1), which was filed within a reasonable time, that is, 55 days after the date of entry of the order.   *See, e.g.*, *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("Rule 60(b) is not intended to be a substitute for a direct appeal.  Thus, as a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where:  (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order."); *see also United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (same). As such, the Court will consider Cherys's motion for reconsideration of the February 9th and

*United States v. Cherys*
D.C. CV. NO. 2001-213
D.C. CR. NO. 1998-001-02
Memorandum Opinion
Page 8

March 19th Orders pursuant to Federal Rules of Civil Procedure 60(b)(1) and 59(e) respectively, and consider his ineffective assistance of counsel claims pursuant to a writ of error *coram nobis*.

### C. Petition for writ of error coram nobis to review ineffective assistance of counsel.

Cherys alleges that his trial counsel either knew or had reason to know of his mental health problems and was, therefore, ineffective in allowing him to be tried without a determination as to his competence to stand trial. A criminal defendant shall be subjected to a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). As the Third Circuit iterates:

> When evaluating a defendant's competency, a district court must consider a number of factors, including "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." Other factors that are relevant to the determination "may include an attorney's representation about his client's competency." There are, however, "no fixed or immutable signs which invariably indicate the need for [a competency hearing]," but "even one of these factors standing alone may, in some circumstances, be sufficient." "The question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated."
>
> Ultimately, the Court's analysis of whether reasonable cause exists is informed by the two-pronged test for legal competence articulated in *Drope* and *Leggett*. A court must examine the unique circumstances of the case and decide whether the defendant "(1) has the capacity to assist in her or his own defense and (2) comprehends the nature and possible consequences of a trial. If either prong is not met, a court has reasonable cause to order a competency hearing."

*United States v. Jones*, 336 F.3d 245, 256-57 (3d Cir. 2003) (internal citations omitted). Thus, to succeed on his ineffective assistance of counsel claim, Cherys must establish that his counsel's

performance regarding his competency was deficient, and that the deficient performance prejudiced him by producing an unreliable result. *See Hull*, 190 F.3d at 105 (citing *Strickland*, 466 U.S. at 687). Cherys need not demonstrate that he definitely was incompetent in October 1998. Rather, he must only establish that there was a reasonable probability that he was. *See Hull*, 190 F.3d at 110. To prevail on a claim of ineffective assistance of counsel, Cherys must satisfy both *Strickland* prongs.

The record supports a finding that: there were no factors brought to Paiewonsky's attention which would have caused her to explore Cherys's sanity; Paiewonsky met several times with Cherys and had an opportunity to observe his demeanor before and during trial; and Paiewonsky communicated with Cherys every day during the trial and found no reason to question his mental condition. The Court is unable to find: (1) that Paiewonsky had in fact been informed by anyone of Cherys's psychotic episode either before or during trial; or (2) that Paiewonsky knew, or had reason to know, that Cherys may have been incompetent during the course of the trial. Thus, Cherys has not met his burden of establishing deficient performance by Paiewonsky.

The Court notes that "a failure by counsel 'to deal appropriately with the likelihood that [a defendant] was incompetent to stand trial' can give rise to a 'reasonable probability' that the defendant was prejudiced." *Cherys*, 405 Fed. App. at 592 (citing *Hummel v. Rosemeyer*, 564 F.3d 290, 305 (3d Cir. 2009)). Having found no evidence that trial counsel knew, had reason to know, or dealt inappropriately with the likelihood that Cherys was suffering from a mental condition, Cherys has failed to establish the first *Strickland* prong. Thus, the Court need not examine the second *Strickland* prong.

*United States v. Cherys*
D.C. CV. NO. 2001-213
D.C. CR. NO. 1998-001-02
Memorandum Opinion
Page 10

> On a writ of error *coram nobis*:
>
> A court's jurisdiction to grant such relief is of limited scope, and the standard for obtaining it is more stringent than that applicable on direct appeal or in habeas corpus. Errors which could be remedied by a new trial do not usually come within the writ. Rather, the error must be fundamental and "go to the jurisdiction of the trial court, thus rendering the trial itself invalid." When an alternative remedy is available, a writ of error *coram nobis* may not issue.

*Rhines*, 640 F.3d at 71 (citations omitted). Having found constitutionally effective assistance of counsel, the Court is unable to find that the trial itself was invalid. Thus, Cherys's petition for writ of error *coram nobis* was denied at the September 5, 2012 hearing.

### D. Motion for a certificate of appealability granted.

Following the Court's oral ruling at the September 5, 2012 hearing, Cherys seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253, asserting that reasonable jurists could debate: (1) whether he was denied effective assistance of counsel under the 6th Amendment; and (2) whether there was a reasonable probability that he was tried while incompetent.

Section § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Cherys must demonstrate that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). This Court is mindful that it should not decline Cherys's application for a COA merely because it believes he will not demonstrate an entitlement to relief. *See Miller-El*, 537 U.S. at 337 (holding that "a court of appeals should not decline the application for a COA merely because it believes the

...

*United States v. Cherys*
D.C. CV. NO. 2001-213
D.C. CR. NO. 1998-001-02
Memorandum Opinion
Page 11

applicant will not demonstrate an entitlement to relief"). Having duly considered the premises, the Court will grant Cherys's motion for issuance of a COA.

## IV. CONCLUSION

For the reasons set forth above and at the September 5, 2012 hearing, the Court will grant Cherys's motion for reconsideration, deny his petition for writ of error *coram nobis*, and grant his motion for a certificate of appealability. An appropriate order follows.

**E N T E R:**

/s/ Curtis V. Gómez
_____
**CURTIS V. GÓMEZ
CHIEF JUDGE**